UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUTH TEDLA,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALDS CORP., et al.,<br><br>Defendants. | CASE NO. 2:26-cv-02914-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to waive PACER fees. Dkt. # 15. For the reasons articulated herein, this motion is DENIED.

"The PACER System acts as a portal to information stored on the Court's Case Management/Electronic Case Files ('CM/ECF') system." *Nelson v. Sorrento Tower Apartments*, 2023 WL 3061843, at *1 (S.D. Cal. Apr. 24, 2023). Because the Electronic Public Access Fee Schedule already has measures in place to ensure costs are reasonable, "'[e]xemptions from PACER user fees are uncommon,' and '[i]n forma pauperis status alone does not support a request to waive PACER fees.'" *Glenn v. Americo*, 2024 WL 5077345, at *1 (W.D. Wash. Dec. 11, 2024) (quoting *Katumbusi v. Gary*, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014)). Courts may grant exemptions of PACER fees to indigent parties, but to do so they must find that the exemption is necessary in order to avoid unreasonable burdens and to promote public access

to information. *Mintz v. Nw. Mut. Life Ins. Co.*, 2025 WL 1108230, at *1 (C.D. Cal. Mar. 24, 2025).

"Through CM/ECF, all parties and attorneys of record receive one free electronic copy of all documents filed electronically." *Nelson*, 2023 WL 3061843, at *1. "If a party is not registered with the court's CM/ECF system, they will receive a copy of all orders and filed documents via mail." *Glenn*, 2024 WL 5077345, at *1. "Further, the fee to access documents through PACER is $0.10 per page retrieved, with the charge for any single document limited to a modest $3.00." *Id.* "Courts have consistently denied motions to waive PACER fees." *Slach v. City of Battle Ground*, 2025 WL 2958457, at *1 (W.D. Wash. Oct. 17, 2025).

Here, Plaintiff requests waiver of PACER fees because she lost her job and is currently unemployed. Dkt. # 15. Plaintiff is registered with the CM/ECF system, so she receives a free copy of every document on the docket in this matter. *See* Dkt. # 13. Plaintiff does not explain why she would need a waiver for PACER fees related to this action given that she receives a free copy of every document on the docket. Accordingly, Plaintiff has not justified the waiver of her PACER fees. *See Nelson*, 2023 WL 3061843, at *1 (finding that the plaintiff failed to justify the waiver of an unpaid balance and future PACER fees in light of the CM/ECF procedure).

For the forgoing reasons, Plaintiff's motion to waive PACER fees (Dkt. # 15) is DENIED.

Dated this 6th day of October, 2026.

John H. Chun
John H. Chun
United States District Judge